IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE BLACKSTOCK,<br><br>                Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, UNITED STATES OF AMERICA, and BRAD HANSEN,<br><br>                Defendants. | 8:18CV555<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Plaintiff's Motion for Discovery (filing no. 3), Motion for Summons (filing no. 4), and Motion for Temporary Restraining Order and Preliminary Injunction (filing no. 5).

## I. MOTION FOR DISCOVERY AND MOTION FOR SUMMONS

      Plaintiff filed a "Praecipe Request for Transcripts, Copy of Grievances, and Medical, & Institution Records" which the court construes as a Motion for Discovery. (Filing No. 3.) Plaintiff asks the court to "issue a Praecipe for Production of Document[s], Transcripts, Grievances, Medical records, Health records From Mental Health, Also Any Notes on File about Plaintiff's Institution Records" on the Nebraska Attorney General and require the Attorney General to deliver the requested documents to the court. (*Id.* (capitalization in original)) Plaintiff also asks the court to issue summons on the Nebraska Attorney General. (Filing No. 4.)

      No discovery or service of process may take place in this case at this time. Before this matter may proceed, Plaintiff is required to pay an initial partial filing

fee of $51.13. Once payment is made, the court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The court has not yet conducted an initial review of Plaintiff's Complaint pursuant to section 1915(e). No discovery may take place in this case unless the court determines that this matter may proceed to service of process. Accordingly, Plaintiff's Motion for Discovery (filing no. 3) and Motion for Summons (filing no. 4) are denied without prejudice to reassertion.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction.[1] (Filing No. 5.) Plaintiff alleges the Defendants have

---

[1] Plaintiff included an "Affidavit of Bias Prejudice against Plaintiff" with his Motion for Temporary Restraining Order and Preliminary Injunction. (Filing No. 5 at CM/ECF p. 3.) Plaintiff declares that he cannot have a fair trial in this matter because the undersigned judge is personally biased and prejudiced against Plaintiff based on rulings in favor of the Nebraska Department of Correctional Services ("NDCS") in three other cases filed by Plaintiff—Case Numbers 4:18CV3059, 8:18CV253, and 8:18CV280. In each of the three cases identified by Plaintiff, he filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which I dismissed without prejudice because the petitions raised "conditions of confinement" claims that are not properly brought as habeas corpus claims. (*See* Filing No. 8, Case No. 4:18CV3059; Filing No. 10, Case No. 8:18CV253; Filing No. 5, Case No. 8:18CV280.) Thus, the court did not rule in favor of the NDCS as Plaintiff alleges, but rather dismissed his claims because the claims should have been presented in an action under 42 U.S.C. § 1983, not in a petition for federal habeas relief.

In any case, to the extent Plaintiff believes the undersigned must recuse, he must file an appropriate motion. The motion may be filed under 28 U.S.C. § 144 which also requires the filing of an affidavit. Specifically, that statute provides in pertinent part as follows:

deprived him of "his clearly established Constitutional Federal right to personal safety . . . in contravention [of] the Fourth Amendment" and he "has suffered and will continue to suffer extreme hardship and actual and impending irreparable injury." (*Id*. at CM/ECF pp. 1–2.) Plaintiff seeks a temporary restraining order and preliminary injunction that requires the Defendants to refrain from "retaliating against Plaintiff by putting him intentionaly [sic] [in] harm[']s way, and to prevent injury by Violent Inmates by placing Him in a less Dangerous prison. (*Id*. at CM/ECF p. 2 (capitalization in original).)

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id*. at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

The court has carefully reviewed the record and finds that Plaintiff's allegations in this matter do not entitled him to preliminary injunctive relief. Plaintiff has not demonstrated that he faces a threat of irreparable harm. While Plaintiff alleges he "fears" he will suffer irreparable injury from, it appears, assaults by other inmates, (filing no. 5 at CM/ECF p. 1), he has not demonstrated

---

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. *See also* 28 U.S.C. § 455. Any such motion must be filed within 30 days of this date.

that any injury is likely to occur. Rather, the suggested threat of harm is merely speculative. Accordingly, the court will deny his request for a temporary restraining order and preliminary injunction.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Discover ([filing no. 3](filing no. 3)) and Motion for Summons ([filing no. 4](filing no. 4)) are denied without prejudice to reassertion.

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ([filing no. 5](filing no. 5)) is denied.

Dated this 11th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge